(59 Misc. Rep. 107.)

## BLAIR v. KEESE et al.

(Supreme Court, Special Term, New York County. April, 1908.)

1. WILLS—CONSTRUCTION—DEBTS DUE BY LEGATEE.

A will provided for the creation of a trust fund, the income to be paid to testator's wife for life, and at her death to be divided among the children living or the children of any deceased child, and that the residue of the estate should be divided among his children or the children of any deceased child. Paragraph 7 provided that the debts of any child should be deducted from its interest, except those of one son, who was not to be liable for any such indebtedness over his share. After charging each of the parties entitled to the residuary estate with the debts in the settlement of the estate not within the trust fund, such son was allowed a sum over the amounts allowed any of the other children as legatees because of such exemptions. *Held* that, on the distribution of the principal of the trust fund after the death of the widow, the share of such son was subject to the deduction of the amount of his debt due his father, so far as that indebtedness was not satisfied by the application of the latter's distributable share at the time of the provisional settlement of the estate in the Surrogate's Court.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, § 1794.]

2. SAME—DESCRIPTION OF LEGATEES.

Where a will provided for a creation of a trust fund, the income to be paid to testator's widow for life, and at her death to testator's children, if living, but on the death of any of them before the widow his share to go to any lawful child, otherwise to testator's surviving children, and if there were no surviving children then to his lawful grandchildren, a great-grandchild, whose mother and grandfather both died before testator's widow, took no interest in the trust fund.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, § 1082.]

Action by Charles H. Blair, trustee, against Richard P. Keese and others, to construe a will. Judgment rendered.

Ezra C. Blair, for plaintiff.
Halstead Scudder, for defendant Sidmon T. Keese.
Samuel Thorne, Jr., guardian ad litem, for defendant Zillah Hickox.
Davies, Stone & Auerbach, for other defendants.

BISCHOFF, J. Peter Keese died in the year 1875, leaving a last will and testament, the construction of which is the subject of this action, and leaving him surviving his wife, Malinda A. Keese, and four children, Samuel T. Keese, Richard P. Keese, Sidmon T. Keese,

and Julia A. Keese. The fourth paragraph of the will provided for the creation of a trust fund of $30,000, the income to be paid to the widow during her life; and in the sixth paragraph the testator directed the disposal of the principal of this fund as follows:

"The $30,000 before named to be reinvested for the benefit of my said wife I also give, devise and bequeath at the time of her decease to my said children in equal shares providing they shall be then living. But, in case of the decease of any of them before that time, his or her share shall descend to his or her lawful child or, if more than one such child, to them in equal shares, if there are none then to my surviving children in such shares, if there are no surviving children then to my lawful grandchildren in equal shares."

By the fifth paragraph of the will, the residuary estate was disposed of as follows:

"The residue and remainder of my estate of whatsoever kind real or personal I give, devise and bequeath in equal shares to my children Samuel T. Keese, Richard P. Keese, Sidmon T. Keese and Julia A. Keese, provided they shall be then living. But in case of the decease of any of them, his or her share shall descend to his or her lawful child or if more than one such child to them in equal shares; if there are none, then to my surviving children in the same shares."

Paragraph 7 of the will contains the following provision:

"I order and direct that all indebtedness of my children to me at the time of my decease as evidenced by my book accounts and other evidence, whether the same would otherwise be barred by statute limitation or not, with the interest which shall then accrue thereon, shall be considered a part of my estate and be accounted for in the division thereof and of the whole thereof, so that no one shall ultimately receive any part until the others have all received equal to his or her indebtedness; and, if there should be any such indebtedness of any one over his or her share, it shall remain a claim due to my estate to be collected and divided in the manner hereinbefore provided and as nearly equal as may be; except that my son, Sidmon T. Keese before named, on account of his past poor success in business and losses by fire, etc., shall not be liable for any such indebtedness over his share, but shall be entirely exempt therefrom."

All four children were alive at the time of the testator's death; but before the death of Malinda, the widow, two of these children had died, viz., Sidmon T. Keese, who left him surviving the present defendant Sidmon T. Keese, and Samuel T. Keese, who died leaving five surviving children, four of whom are parties defendant. The fifth child of Samuel—Zaydee B. Hickox—died before the death of the life tenant, Malinda, leaving one child, who is the present defendant Zillah Hickox. In an accounting proceeding, instituted in the Surrogate's Court, which involved the settlement of the accounts of the executor in the matter of the distribution of the residuary estate after the creation of the $30,000 trust fund, it appears that Sidmon T. Keese, the father of the present defendant Sidmon, was indebted to the testator in a considerable sum, and that, after charging each of the parties entitled to the residuary estate with his or her debts to the testator, Sidmon (the elder) was allowed $6,873.79 over and above the amounts allowed any of the other children as legatees under the will, because of the exemption in his favor by the seventh paragraph of the will, above quoted. The first question for construction is whether, upon the distribution of the principal of the $30,000 trust fund, the

directions of paragraph 7 of the will are to apply, and, if so, whether the indebtedness due from Sidmon T. Keese to his father, the testator, is to be charged against the share coming to the defendant Sidmon, the testator's grandson.

I think it must be held that the indebtedness is chargeable against this defendant's share. Equality as among all the children of the testator is the apparent aim and purpose of the will; and the only exception to the carrying out of this general scheme of equality is expressed to be in favor of his son Sidmon, so far as to release him from a claim on the part of the estate, if his share should be less than the amount of his total indebtedness. That the charging of debts against the shares of all these children was not to be confined to the purposes of a distribution of the residuary estate alone, appears not only from the general scheme of the will, but from the particular words used in paragraph 7, which provide that:

"All indebtedness of my children to me * * * whether the same would otherwise be barred by statute limitation or not * * * shall be considered a part of my estate and be accounted for in the division thereof and of the whole thereof, so that no one shall ultimately receive any part," etc.

These words, which refer to the whole estate and to its ultimate distribution, were employed by the testator, after he had provided for the creation of the trust fund, for the distribution of the residuary estate, and for the distribution of the principal of the trust fund upon the termination of the life estate; and the only reasonable construction is that, in the testator's intention, the debts due from his children were to be taken into account for the purposes of any distribution of the property of which he died possessed. In this view, the share of the present defendant Sidmon is subject to the deduction of the amount of the indebtedness of his father, so far as that indebtedness was not satisfied by the application of the latter's distributable share at the time of the accounting in the Surrogate's Court. Nothing in the will evidences an intention to give a grandchild more than a child would have received if living at the time of the ultimate distribution, and such a result would be wholly out of harmony with the scheme of equality adopted throughout the will. The difference of $6,873.79, which was allowed to Sidmon (the elder) over and above the amounts received by the four other children, was necessarily allowed to him at that time, because there was no present share in the distribution to cover it, and he was exempted from any claim to the excess because of the directions contained in the will. The settlement of the accounts at that time in no way involved a determination as to the rights of the parties in the distribution of the principal of the trust fund; and it results that at the present time, when the question is originally presented, the indebtedness still due is to be taken into account for the purposes of the orderly distribution which the testator contemplated.

The remaining question is whether, under the sixth paragraph of the will, the defendant Zillah Hickox, a great-granddaughter of the testator, is entitled to, receive any part of the share in the principal of the trust fund, so far as that share descends from the testator's deceased son, Samuel T. Keese. By this sixth paragraph, no interest in remainder vested in the children of the testator as to the trust fund, ex-

cept in the event that they should be living at the time of the death of the life tenant, or, if not then living, in the case that those dying left children who survive the life tenant. Except so far as there was a survivor coming within the designation employed in this sixth paragraph, it is apparent that there was no vesting of an interest in any particular case. Now, as to this infant defendant, it appears that her grandfather, Samuel T. Keese, a son of the testator, died before the life tenant, and so before any estate in remainder had vested in him. This defendant's mother also died before the life tenant; and, according to the second sentence of the sixth paragraph of the will, the share of Samuel had descended to her (the mother). But upon her death the share so vested apparently devolved upon the surviving children of the testator, since she, a grandchild of the testator, had no interest which survived her death, in the event that there were children of the testator who might take. That this was the scheme of survivorship which the testator had in mind is rendered perfectly clear by the concluding words of paragraph 6 which definitely stop the successorship in any share at grandchildren of the testator. The defendant Zaydee B. Hickox, being a great-grandchild whose mother and whose grandfather both predeceased the life tenant, took no interest, therefore, in the distribution of this trust fund.

Form of decision and judgment in accordance with this opinion may be presented upon notice of settlement.

Judgment accordingly.